UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANET K. BAITER-BOHN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:02CV 1617 HEA(LMB) |
| ) | |
| PATRICIA CORNELL and ) | |
| JEREMIAH "JAY" NIXON,[1] ) | |
| ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court on the petition of Janet Baiter-Bohn for a writ of habeas corpus under 28 U.S.C. § 2254. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b).

**Procedural History**

Petitioner is presently incarcerated at the Women's Eastern Reception and Diagnostic Center in Vandalia, Missouri, pursuant to the sentence and judgment of the Circuit Court of Madison County, Missouri. See Respondent's Exhibit B at 48. Petitioner was found guilty after a jury trial of second degree murder and armed criminal action.[2] See id. The court sentenced petitioner to a

---

[1]The Attorney General of the State of Missouri is a proper party respondent, because petitioner is challenging present and future sentences in this action. See Rule 2 (b), Rules Governing Section 2254 proceedings in the United States District Courts.

[2]Petitioner was found guilty after a prior jury trial, on March 6, 1996. The Missouri Court of Appeals for the Eastern District reversed the trial court's judgment and remanded for a new trial after finding that petitioner's confession should have been excluded. See State v. Bohn, 950 S.W.2d 277 (Mo. App. 1997).

term of life imprisonment on the second degree murder conviction and 25 years on the armed criminal action conviction, to run consecutively. See id.

Petitioner raised two points on direct appeal of her convictions. Petitioner first argued that the trial court erred in overruling her motion to suppress Peggy Wolk's testimony and the handgun she located for the police because this evidence constituted fruits of an unlawfully obtained confession. Petitioner also argued that the trial court erred in overruling defense counsel's objection to the prosecutor's comparison of petitioner to "a black widow spider" and "a dangerous animal" in closing argument because these comments appealed to the jurors' emotions. On November 16, 1999, the Missouri Court of Appeals for the Eastern District affirmed petitioner's convictions in an unpublished memorandum opinion. See Resp't Ex. E.

On May 1, 2000, petitioner filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence of the Circuit Court of Madison County pursuant to Missouri Supreme Court Rule 29.15. See Resp't Ex. F at 6-11. After appointment of counsel, petitioner filed an Amended Motion to Vacate, Set Aside or Correct Judgment and Sentence. See id. at 13-21. In this motion, petitioner argued that she received ineffective assistance of counsel for the following reasons: (1) appellate counsel failed to assert on direct appeal that the trial court erred in refusing to submit the jury instruction for voluntary manslaughter; and (2) trial counsel failed to call Elaine Cooley as a defense witness to impeach the testimony of state witness Peggy Wolk. See id. An evidentiary hearing was held on April 5, 2001, at which petitioner, Elaine Cooley, and trial counsel Renee Murphy testified on behalf of petitioner, and Peggy Gaertner[3] testified on behalf of the State. See

---

[3] Peggy Wolk's last name changed several times during the course of these proceedings. During the time of the investigation, her name was Peggy Wolk, during both trials, her name was Peggy Kertz, and at the evidentiary hearing held in connection with petitioner's motion for postconviction relief, her name was Peggy Gaertner. To avoid confusion, this witness will be referred to as Peggy Wolk.

Resp't Ex. G. On April 19, 2001, the motion court denied petitioner's motion for postconviction relief in all respects. See Resp't Ex. F at 23-41. Petitioner timely filed a notice of appeal from the denial of postconviction relief. See id. at 43.

Petitioner raised two points on appeal from the denial of postconviction relief. See Resp't Ex. H. Petitioner first argued that she was denied effective assistance of counsel in that appellate counsel failed to assert on direct appeal that the trial court erred by refusing to submit the jury instruction for voluntary manslaughter. See id. Petitioner next argued that she received ineffective assistance of counsel in that trial counsel failed to call Elaine Cooley as a witness. See id. In a memorandum opinion filed on January 29, 2002, the Missouri Court of Appeals for the Eastern District affirmed the denial of postconviction relief. See Resp't Ex. J. The Court found that appellate counsel was not ineffective for failing to assert on direct appeal that the trial court erred in refusing to submit the voluntary manslaughter instruction because the evidence presented by petitioner did not support a voluntary manslaughter instruction. See id. at 3. The court further found that trial counsel was not ineffective for failing to call Ms. Cooley as a witness because petitioner failed to overcome the presumption of trial strategy. See id. at 5.

On November 1, 2002, petitioner, pro se, filed a petition for a writ of habeas corpus, raising five grounds for relief. (Document Number 4). Petitioner argues that she received ineffective assistance of counsel for the following reasons: (1) appellate counsel failed to raise the claim that the trial court erred by refusing to submit the jury instruction for voluntary manslaughter; (2) trial counsel failed to call Elaine Cooley as a witness; (3) trial counsel at petitioner's first trial failed to seek removal of the trial judge for cause; (4) trial counsel at petitioner's first trial failed to present critical evidence to the jury; and (5) appellate postconviction relief counsel failed to file a motion for rehearing or transfer to the Missouri Supreme Court. See id. In her Response, respondent argues

that petitioner's first and second grounds for relief are meritless, petitioner's third and fourth grounds for relief are moot, and petitioner's fifth ground for relief is non-cognizable. (Doc. No. 13). Petitioner filed a Reply, in which she provided further argument with respect to her first and second grounds for relief. (Doc. No. 14).

On June 16, 2005, petitioner, by retained counsel, filed a motion for leave to amend her petition, which the court granted on the same day. (Docs. No. 18, 19). Petitioner filed a Memorandum in Support of her First Amended Motion to Vacate, Set Aside and Correct Sentence Pursuant to 28 U.S.C. § 2254 on October 3, 2005. (Doc. No. 20). In her amended petition, petitioner raises the following grounds for relief: (1) trial counsel was ineffective in failing to object to improper jury instructions; (2) trial counsel was ineffective in failing to call Elaine Cooley to testify; (3) trial counsel was ineffective in failing to gain entry of information regarding the demotion of involved Missouri State Highway Patrol officers; (4) the trial court erred in refusing to include the lesser charge of voluntary manslaughter in the jury instructions; and (5) the trial judge failed to recuse himself due to bias. In an Order dated October 5, 2005, the court directed respondent to file a response to petitioner's Memorandum in Support of First Amended Motion to Vacate, Set Aside and Correct Sentence Pursuant to 28 U.S.C. § 2254, addressing the merits of all grounds for relief in addition to any procedural default issues. (Doc. No. 21). On December 1, 2005, respondent filed a Response to Court Order, in which she argues that four of petitioner's grounds for relief are untimely and the remaining ground for relief is meritless. (Doc. No. 25).

**Facts**

Petitioner's convictions arise from the shooting death of her husband that took place on December 31, 1993 at "Little Rock Landing" in Ste. Genevieve, Missouri. Prosecution witness Peggy Wolk testified that petitioner persuaded her to assist petitioner in her plan to murder her

husband John Bohn. See Resp't Ex. A at 555-65. Ms. Wolk stated that she and petitioner agreed that Ms. Wolk would go shopping in order to establish petitioner's alibi, and then she would pick petitioner up at Little Rock Landing. See id. at 565. Ms. Wolk testified that petitioner lured her husband to Little Rock Landing and shot him in the head when he turned to look at Ms. Wolk's approaching vehicle. See id. at 574.

Petitioner testified on her own behalf at trial, and maintained that her husband's death was an accident. Petitioner testified that she and her husband John Bohn drove to Little Rock Landing to talk. See id. at 695-96. They remained in the vehicle. See id. at 696. Petitioner stated that at some point, John Bohn produced the murder weapon and indicated that he was going to commit suicide. See id. at 700. Petitioner testified that John Bohn eventually put the gun down, at which time she grabbed it and attempted to exit the vehicle. See id. at 708-710. Petitioner stated that John Bohn tried to pull her back into the vehicle, causing their heads to hit and the gun to fire. See id. at 710-14.

## Discussion

### A. Standard of Review

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed Section 2254(d) in <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court "decides a case differently than [the] Court has on a set of materially indistinguishable facts." 529 U.S. at 405, 120 S. Ct. at 1519. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." <u>Id</u>. Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." <u>Id.</u> at 410, 120 S. Ct. at 1521. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." <u>Id</u>. at 410, 120 S. Ct. at 1522.

**B.      Timeliness under the AEDPA**

Respondent argues that grounds one, three, four, and five of petitioner's amended petition are untimely under the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA) .

The AEDPA imposed a one-year period of limitation on federal petitions for habeas corpus. The governing provision provides: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). For purposes of the AEDPA, a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). See <u>Smith v. Bowersox</u>, 159 F.3d 345, 347-48 (8th Cir. 1998). Additionally, §2244(d)(2) provides that "[t]he

time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Further, "for purposes of § 2244(d)(2), 'an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.'" Marx v. Gammon, 234 F.3d 356, 357 (8th Cir. 2000)(quoting Artuz v. Bennett, 531 U.S. 4, 8, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000)).

In this case, the Missouri Court of Appeals issued its mandate on petitioner's postconviction appeal on February 21, 2002. See Doc. No. 25 at 2. Petitioner filed her original petition on November 1, 2002, well within the one-year statute of limitations. Petitioner, however, did not file her amended petition until June 16, 2005, more than two years after the expiration of the one-year statute of limitations. As such, unless petitioner's original petition relates back to the filing date of her original petition, her amended petition is untimely.

The Federal Rules of Civil Procedure provide for the relation back of amendments filed after the running of a period of limitations in certain circumstances. An amendment to a pleading shall "relate back" to the date of the original pleading only if the claim asserted in the original pleading and the claim asserted in the amended pleading arose out of the same conduct, transaction, or occurrence. Fed.R.Civ.P. 15(c)(2). See United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999). As such, if the conduct alleged by petitioner in her original petition cannot be said to have arisen out of the same set of facts as her amended petition, her amended petition cannot relate back and her claims must be time-barred. See Craycraft, 167 F.3d at 457.

In the first ground for relief of her amended petition, petitioner argues that she received ineffective assistance of trial counsel because trial counsel did not object to the trial court's failure to submit a manslaughter instruction. In ground one of her original petition, petitioner argued that

appellate counsel was ineffective for failing to raise the claim that the trial court erred by refusing to submit the instruction for voluntary manslaughter. Ground one of her amended petition does not relate back to the original petition because petitioner is challenging the assistance of different counsel provided at different times. See id.

In ground two of her amended petition, petitioner alleges that she received ineffective assistance of counsel because trial counsel did not call Elaine Cooley as a witness. This is the same claim petitioner raised in ground two of her original petition. As such, this claim relates back to the filing of the original petition.

Grounds three, four, and five of petitioner's amended complaint raise new claims. In her third ground for relief, petitioner claims that trial counsel was ineffective in failing to gain entry of information regarding the demotion of Missouri State Highway Patrol officers. This claim does not contain the same facts as the ineffective assistance of counsel claims raised in petitioner's original petition. Petitioner argues in her fourth ground for relief that the trial court erred in refusing to include the lesser charge of voluntary manslaughter. In her fifth ground for relief, petitioner asserts that the trial judge failed to recuse himself. Petitioner did not raise either of these claims in her original petition, which included only ineffective assistance of counsel claims. As such, grounds three, four, and five do not relate back to the original petition and are thus time-barred.

**C.    Procedural Default**

The undersigned has found that grounds one, three, four, and five are untimely. Respondent also argues that petitioner's grounds one, four, and five should be denied because she has procedurally defaulted those claims by not presenting them to the appropriate state court. For the reasons explained herein, the undersigned agrees that petitioner has procedurally defaulted her first,

fourth, and fifth grounds for relief and finds that petitioner has also defaulted her third ground for relief.

It is well-established that the procedural default rule requires a habeas petitioner to pursue all available avenues of relief in the state courts before the federal courts can consider the claim. See 28 U.S.C. § 2254(b); Duvall v. Purkett, 15 F.3d 745, 746 (8th Cir. 1994). In addressing this issue, a federal court must give deference to state courts and should place great importance on state procedural rules. See Buckley v. Lockhart, 892 F.2d 715, 718 (8th Cir. 1989). By virtue of these considerations, "[a] federal court can consider the merits of a habeas corpus petition only when the prisoner has 'fairly presented to the state courts the substance of his [or her] federal habeas corpus claim.'" Id. (quoting Martin v. Solem, 801 F.2d 324, 333 (8th Cir. 1986)(internal citations omitted)). To avoid procedural default, "Missouri procedure requires that a claim be presented 'at each step of the judicial process.'" Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994)(quoting Benson v. State, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980)), cert. denied, 513 U.S. 983, 115 S. Ct. 462, 130 L.Ed.2d 370 (1994)). If a petitioner cannot demonstrate cause, then the court need not determine whether the petitioner has suffered actual prejudice. See Leggins v. Lockhart, 822 F.2d 764, 768 (8th Cir. 1987), cert. denied, 485 U.S. 907, 108 S. Ct. 1080, 99 L.Ed.2d 239 (1988).

In the present case, petitioner did not bring the ineffective assistance of counsel claims contained in her first or third grounds for relief in her postconviction relief motion. In addition, petitioner did not raise the claim contained in her fourth ground for relief on direct appeal. With regard to her fifth ground for relief, petitioner did not move for recusal at trial. Thus, petitioner has defaulted these claims by failing "to present them to the Missouri courts at any stage of h[er] direct appeal or h[er] post-conviction proceedings." Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997).

Further, petitioner fails to allege "cause" for her procedural default. As such, this court need not address the "actual prejudice" prong of the inquiry. See Leggins, 822 F.2d at 768. A federal habeas court may also reach the merits of procedurally defaulted claims where the petitioner can demonstrate that a "miscarriage of justice" exception applies. This narrow exception is limited to extraordinary circumstances where actual innocence can be demonstrated. See Murray v. Carrier, 477 U.S. 478, 496, 106 S. Ct. 2639, 2649, 91 L.Ed.2d 397 (1986). The petitioner must show that a constitutional violation "probably resulted" in the conviction of an innocent person. See Schlup v. Delo, 513 U.S. 298, 326-29, 115 S. Ct. 851, 867-68, 130 L.Ed.2d 808 (1995). Petitioner does not claim in her petition that her procedural default should be excused under the miscarriage of justice exception, nor does the evidence show that petitioner could demonstrate actual innocence. Thus, petitioner has procedurally defaulted the claims contained in her first, third, fourth, and fifth grounds for relief.

**D.    Petitioner's Claims**

The court has already pointed out that petitioner's first, third, fourth, and fifth grounds for relief are untimely. In addition, petitioner has procedurally defaulted these claims. Even if these claims were not untimely or procedurally defaulted, they fail on their merits as well.

**1.    Ground One**

In her first ground for relief, petitioner claims that she received ineffective assistance of counsel because trial counsel did not object to the trial court's failure to submit a jury instruction on voluntary manslaughter. Respondent argues that this claim is meritless because trial counsel requested a voluntary manslaughter instruction and that request was denied.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his attorney failed to exercise the degree of skill and diligence a reasonably competent

attorney would exercise under similar circumstances, and additionally, the petitioner must show that he was prejudiced by his attorney's action or inaction.  See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).  A petitioner must show that "counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment." Id.  "Prejudice" is shown by a petitioner when it is demonstrated that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. Id. at 694, 104 S. Ct. at 2068.  A "reasonable probability" is defined as a probability sufficient to undermine confidence in the outcome. Id.  The petitioner must not only assert prejudice, but must affirmatively prove that prejudice was present. See id. at 693, 104 S. Ct. at 2067.

In this case, the record reveals that trial counsel submitted the instruction for voluntary manslaughter and it was rejected by the court. See Resp't Ex. B at 39.  In addition, trial counsel objected to the court's rejection of the instruction at the instructions conference. See id. at 786-87.  The trial judge rejected the instruction after finding that there was no evidence to support it. See id. at 787.  The record reveals that petitioner presented evidence at trial that her husband's death was an accident which occurred when the murder weapon accidentally discharged. Petitioner's defense that her husband's death was accidental is inconsistent with a voluntary manslaughter theory.  As such, petitioner has failed to show that trial counsel erred by failing to make a meritless objection.

Accordingly, the undersigned recommends that petitioner's first ground for relief be denied.

### 2. Ground Two

In her second ground for relief, petitioner argues that she received ineffective assistance of counsel because trial counsel did not call Elaine Cooley to testify. This is the same claim petitioner raised in her motion for postconviction relief, in her appeal from the denial of postconviction relief, and in her original petition. Respondent contends that the state courts properly concluded that trial counsel acted reasonably in not calling Ms. Cooley because Ms. Cooley's testimony would not have been helpful to petitioner.

Counsel's decision not to interview or call a particular witness is evaluated from the perspective of counsel at the time the decision was made. Parker v. Bowersox, 94 F.3d 458, 461 (8th Cir. 1996). A habeas petitioner "must overcome the strong presumption that in the circumstances of his case 'the challenged action might be considered sound trial strategy.' " Seehan v. State of Iowa, 72 F.3d 607, 611 (8th Cir. 1995) (quoting Strickland, 466 U.S. at 689, 104 S. Ct. at 2065). An attorney's performance is objectively reasonable, where counsel determined that testimony from witnesses identified by a defendant would be detrimental and rationally declined to call the witnesses as a matter of trial strategy. See United States v. Smith, 62 F.3d 1073, 1078 (8th Cir. 1995).

Petitioner claims that Ms. Cooley's testimony would have impeached the testimony of Peggy Wolk. Ms. Cooley testified at the postconviction relief hearing on April 5, 2001. Ms. Cooley stated that she and petitioner are very good friends and that she loves petitioner. See Resp't Ex. G at 28, 38. Ms. Cooley stated that Peggy Wolk told her that she had lied at trial because she was fearful of being prosecuted. See id. at 29-30. Ms. Cooley testified that she told petitioner about Ms. Wolk's statements and that she later spoke to petitioner's attorney and an investigator about the statements. See id. at 31.

Petitioner's trial counsel, Renee Murphy, testified that when petitioner gave her Ms. Cooley's name she asked her investigator to talk with Ms. Cooley. See id. at 42. Ms. Murphy stated that she cannot say for certain why she did not call Ms. Cooley to testify because the investigator had since passed away and she did not have his notes. See id. at 43-44. Ms. Murphy testified that Ms. Cooley's name was scratched out on her witness list, and that her standard practice was to cross out the name of a witness and not prepare a report for that witness if she determined that the witness would not be helpful to her client. See id. at 46-47.

The motion court made the following findings with regard to petitioner's claim:

> Besides Ms. Cooley's obvious bias due to her relationship with the movant, there are a number of reasons that Ms. Cooley's truthfulness is called into question. First, Ms. Cooley acknowledges that despite having knowledge of Ms. Wolk's alleged perjurious intent, she failed to notify anyone of this until long after movant's second trial. Second, this Court has reviewed the trial transcripts from movant's first and second trials and can discern no evidence of how Ms. Wolk testimony was false. There is not only other witnesses that corroborate Ms. Wolk's account of events, the physical evidence also corroborates her testimony. Third, Ms. Wolk testified at this evidentiary hearing and denied the accusations made by Ms. Cooley.
> This Court concludes that the testimony of Ms. Cooley is not believable. This Court concludes that even had Ms. Cooley been called to impeach Ms. Wolk that the evidence of Movant's guilt was so overwhelming that prejudice cannot be shown from trial counsel's failure to do so. This court also finds that trial counsel had a reasonable trial strategy for not call Ms. Cooley. As such, trial counsel is not ineffective for failing call Ms. Cooley as a witness.

Resp't Ex. F at 40-41. The Missouri Court of Appeals also found that trial counsel's decision not to call Ms. Cooley as a witness was trial strategy. See Resp't Ex. J at 6-7. The Court based its decision on the facts that the investigator did not make written records of his conversation with Ms. Cooley, Ms. Cooley was a close friend of petitioner's and was thus biased, Ms. Cooley failed to notify anyone of Ms. Wolk's alleged perjury until after petitioner's second trial despite her alleged prior knowledge of Ms. Wolk's perjury, and there is no evidence in the record indicating that Ms. Wolk perjured herself at either the first or second trial. See id. For purposes of federal

habeas review of state-court criminal proceedings, a state court's factual findings are presumed to be correct. Sumner v. Mata, 449 U.S. 539, 547, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981).

Petitioner has failed to overcome the strong presumption that trial counsel's decision not to call Ms. Cooley was sound trial strategy. Ms. Cooley's testimony at the postconviction relief hearing reveals that she was biased due to her close friendship with petitioner. Further, trial counsel's testimony showed that she investigated Ms. Cooley as a witness and determined that Ms. Cooley's testimony would not be helpful to petitioner. The state court's determination with respect to trial counsel's decision not to call Ms. Cooley was not contrary to clearly applicable federal law.

Accordingly, the undersigned recommends that petitioner's second ground for relief be denied.

**3.      Ground Three**

In her third ground for relief, petitioner claims that she received ineffective assistance of counsel because trial counsel did not introduce evidence regarding the demotion of involved Missouri State Highway Patrol officers. Respondent contends that petitioner has failed to allege facts that demonstrate counsel was ineffective.

In her amended petition, petitioner alleges that trial counsel failed to "gain entry of information regarding the demotion of involved Missouri State Highway Patrol officers following the investigation of this case." Doc. No. 19 at 2. Petitioner states that this information "questions the quality of the investigation by the Missouri State Highway Patrol." Id. Petitioner claims that trial counsel's failure to gain entry of this "contradicting information" has violated petitioner's right to effective assistance of counsel. Petitioner, however, does not discuss this ground for relief in her memorandum in support of her amended petition. As such, the only

support for this ground for relief consists of the three sentences in her amended petition that are described above.

Petitioner does not indicate which officers were demoted or the circumstances surrounding their demotion. The record reveals that numerous officers participated in the investigation of John Bohn's death and several officers testified at trial. Petitioner does not suggest how the demotion of the unidentified officers was connected to her case. Further, petitioner does not allege that trial counsel was aware of this evidence. Without these facts, it cannot be determined if the demotion of the unidentified officers was in any way relevant to petitioner's case. As such, petitioner has failed to demonstrate that trial counsel was ineffective for failing to introduce evidence regarding the demotion of Missouri State Highway Patrol officers.

Accordingly, the undersigned recommends that petitioner's third ground for relief be denied.

### 4. Ground Four

In her fourth ground for relief, petitioner argues that the trial court erred in refusing to include the lesser charge of voluntary manslaughter in the jury instructions. Petitioner contends that the failure to instruct on the lesser-included offense violates her due process rights. Specifically, petitioner believes there was adequate evidence presented at trial of sudden passion arising from adequate cause warranting the inclusion of the instruction to the jury. Respondent argues that the trial court reasonably determined not to present that instruction, and that determination is entitled to deference. Additionally, respondent contends that the Eighth Circuit has determined that there is no right to a lesser included offense instruction that is protected by the federal due process clause.

Federal courts conducting habeas review have consistently held "that [a] trial court's failure to give a lesser included offense instruction is not normally such a constitutional error or 'fundamental defect' as to allow collateral review under habeas corpus." Cooper v. Campbell, 597 F.2d 628, 631 (8th Cir. 1979)(quoting DeBerry v. Wolff, 513 F.2d 1336, 1338-39 (8th Cir. 1975)(stating additionally that "[c]laimed errors in instructions to the jury are generally not of such constitutional magnitude and do not state a claim for habeas corpus relief"). In this same regard, "the failure to give a lesser included offense instruction in a non-capital case rarely, if ever, presents a constitutional question." Turner v. Armontrout, 922 F.2d 492, 494 (8th Cir. 1991)(quoting Pitts. v. Lockhart, 911 F.2d 109, 112 (8th Cir. 1990)). See Tatum v. Dormire, 183 F.3d 875, 878 (8th Cir. 1999)(denying habeas claim because failure to instruct jury on voluntary and involuntary manslaughter counts did not deprive petitioner of due process under the Fourteenth Amendment). Although the Eighth Circuit has not explicitly recognized the specific circumstances in which a trial court's refusal to include a lesser included offense in jury instructions in a noncapital case would permit federal habeas review, the facts and evidence presented at the state court proceedings do not illustrate a violation of petitioner's constitutional rights sufficient to warrant federal habeas relief.

As the motion court stated in petitioner's motion for postconviction relief, "the accused is entitled to an instruction on any theory that the evidence tends to establish." Resp't Ex. F at 16 (citing State v. Zumwalt, 973 S.W.2d 504, 507 (Mo. App. 1998)). The motion court then found with respect to a related claim that, "[m]ovant's problem, which is fatal to her claim, is that there [is] no evidence which tends to establish the theory that would support a finding by a jury that this was a case of voluntary manslaughter." Resp't Ex. F at 16. The evidence presented at trial clearly illustrated that petitioner did not commit the crimes charged with "sudden passion arising

from adequate cause."[4] Rather, petitioner maintained throughout trial that her husband's death was an accident which occurred when the murder weapon accidentally discharged. Petitioner has failed to show adequate evidence of provocation or of sudden passion arising from adequate cause. Because due process is not offended when a state trial court refuses to submit an instruction to the jury that is not supported by the evidence, Tatum, 183 F.3d at 878, it cannot be said that the state court's decision was contrary to or involved an unreasonable application of federal law, as determined by the United States Supreme Court.

Accordingly, the undersigned recommends that petitioner's fourth ground for relief be denied.

**5.    Ground Five**

In her final ground for relief, petitioner argues that the trial judge failed to recuse himself due to bias. Specifically, petitioner states that the trial judge presided over petitioner's first trial, which resulted in petitioner's convictions being reversed due to the trial judge's failure to suppress evidence. Petitioner contends that, because the trial judge's decision-making in the first trial had been questioned by the Missouri Court of Appeals, a potential for prejudice existed that warranted recusal. Respondent argues that petitioner's allegations fail to rise to the level required to warrant habeas relief.

---

[4]Under Missouri law, "[a] person commits the crime of voluntary manslaughter if he . . . caused the death under the influence of sudden passion arising from adequate cause." REV. MO. STAT. § 565.023 (1) (2004). "Sudden passion" is defined as "passion directly caused by and arising out of provocation by the victim or another acting with the victim which passion arises at the time of the offense and is not solely the result of former provocation." REV.MO.STAT. § 565.002 (7) (2004). "Adequate cause" is defined as "cause that would reasonably produce a degree of passion in a person of ordinary temperament sufficient to substantially impair an ordinary person's capacity for self-control." REV.MO.STAT. § 565.002 (1) (2004).

"Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion." Liteky v. U.S., 510 U.S. 540, 555, 114 S.Ct. 1147, 1157, 127 L.Ed. 474 (1994). Rather, recusal is warranted only if the trial judge's remarks "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." Liteky, 510 U.S. at 555, 114 S.Ct. at 1157. See In re Larson, 43 F.3d 410, 413 (8th Cir. 1994). Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. Liteky, 510 U.S. at 555, 114 S.Ct at 1157. Further, "[i]t has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant." Liteky, 510 U.S. at 551, 114 S.Ct. at 1155.

Here, petitioner has failed to allege facts indicating that the trial judge was biased. Petitioner relies exclusively on the fact that the trial judge's ruling on her motion to suppress in the first trial was overturned by the Missouri Court of Appeals. The Supreme Court, however, has held that it is proper for a judge to sit in the same case upon its remand. See Liteky, 510 U.S. at 551. Petitioner has not alleged that the trial judge made any remarks that reveal favoritism. The mere fact that the trial judge's ruling was reversed on appeal is insufficient to support petitioner's claim. As such, petitioner's constitutional rights were not violated by the trial judge's failure to recuse himself.

Accordingly, the undersigned recommends that petitioner's fifth ground for relief be denied.

G.  Certificate of Appealability

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)); Tokar v. Bowersox, 1 F. Supp.2d 986, 1016 (E.D. Mo. 1998). In this case, petitioner has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, the undersigned recommends that no certificate of appealability be issued.

# **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that the petition of Janet Baiter-Bohn for a writ of habeas corpus under 28 U.S.C. § 2254 be **denied.**

**IT IS FURTHER RECOMMENDED** that no certificate of appealability be issued.

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this  31st   day of January, 2006.

*Lewis M. Blanton*

LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE