UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JANET K. BAITER-BOHN           )
                               )
            Petitioner,        )
                               )
      vs.                      )         Case No.  4:02CV1617 HEA
                               )
PATRICIA CORNELL and JEREMIAH  )
"JAY" NIXON                    )
                               )
            Respondents.       )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation of United

States Magistrate Judge Lewis M. Blanton, [Doc. # 26], pursuant to 28 U.S.C. §

636(b).  Petitioner has filed Objections to the Report and Recommendation, which

recommended that the petition for a writ of habeas corpus under 28 U.S.C. § 2254

be denied, and that the Court deny a Certificate of Appealability  Petitioner objects

to Part B, Part C and Part D of the Report and Recommendation.  Petitioner also

objects to the recommendation that a Certificate of Appealability be denied.

When a party objects to the magistrate judge's report and recommendation,

the Court must conduct a *de novo* review of the portions of the report, findings, or

recommendations to which the party objected. See *United States v. Lothridge*, 324

F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)).

Petitioner objects to Judge Blanton's finding that petitioner's first and fourth grounds for relief did not relate back to the filing of the original petition and were therefore untimely under the AEDPA. Because Judge Blanton addressed the merits of petitioner's claims in the Report, the objection will be overruled.

Likewise, petitioner's objection to Judge Blanton's finding that grounds one, three, four and five were procedurally defaulted is overruled based on Judge Blanton's discussion of the merits of petitioner's claims.[1]

As to the merits of petitioner's claims, petitioner objects to Judge Blanton's

---

[1] The Court agrees with Judge Blanton's findings that petitioner's claims do not relate back and are procedurally defaulted. As Judge Blanton correctly noted, ground one of petitioner's claim in her amended petition charges ineffective assistance of trial counsel, while the original petition only charged ineffective assistance of appellate counsel with respect to the failure to raise the claim that the trial court erred by refusing to submit the instruction for manslaughter. Although petitioner argues that both claims arise from the same conduct, transaction, or occurrence, it is clear that the claims raise ineffective assistance claims with respect to different counsel. These claims do not relate to the same conduct or occurrence; different times in the proceedings and different counsel separate the claims so that the amended petition regarding trial counsel does not relate back to the original filing date under Rule 15(c)(2) of the Federal Rules of Civil Procedure.

Regarding the finding of procedural default on grounds one and three, the Court also agrees with Judge Blanton. Although petitioner argues that she "generally" raised ineffective assistance of counsel in her state post-conviction motion, the Court is unpersuaded that this is sufficient to overcome the procedural bar. General allegations of ineffective assistance of counsel at the state level does not afford the state court the opportunity to address the specific claims petitioner now makes before this Court. With respect to petitioner's argument that although she raises her fourth claim for the first time in this Court, she argues that she should be allowed to do so because if the voluntary manslaughter instruction should have been given at her trial, she has a color able claim of actual innocence to first degree murder. As discussed *infra*, there was no evidence presented throughout the trial in this matter to allow the voluntary manslaughter instruction. This objection therefore, is without merit.

finding that trial counsel was not ineffective for failing to object to the trial court's failure to submit a jury instruction on voluntary manslaughter. Counsel submitted a voluntary manslaughter instruction. This instruction was rejected by the court. Petitioner argues that submitting a substitute instruction is not the same as objecting to the instructions ultimately crafted by the court. Petitioner argues that counsel should have objected to the instructions because her actions were motivated by sudden passion. This objection is without merit because the trial court did not "craft" an instruction on voluntary manslaughter. The court <u>refused</u> counsel's submission of a voluntary manslaughter and overruled counsel's objection to the court's rejection based on that court's finding that there was no evidence to support it. Counsel was not ineffective for failing to make a meritless objection.

Petitioner's second ground for relief argues that trial counsel was ineffective for failing to call Elaine Cooley to testify. Judge Blanton found that counsel's decision was a strategic one and that petitioner did not overcome the strong presumption that in the circumstances of the case the challenged action might be considered sound trial strategy. Petitioner objects arguing that there is nothing in the record to suggest that this omission resulted from anything other than negligence. The record, however, establishes that Ms. Cooley testified that she was very good friends with petitioner and that she loves petitioner. Further, the record is

clear that Ms. Cooley did not come forward with her statements until long after petitioner's second trial.  Furthermore, the state motion court found Ms. Wolk's testimony to be credible not only because other witnesses corroborated her version of the events, but also the physical evidence corroborated Ms. Wolk's.  The finding of the trial court that trial counsel's decision not to call Ms. Cooley was that of trial strategy is not contrary to clearly established federal law and therefore, under this Court's review standards as outlined in the Report and Recommendation, petitioner is not entitled to relief on this ground.  Petitioner's objection is therefore overruled.

Petitioner objects to Judge Blanton's recommendation with respect to ground four of her petition arguing that she was entitled to an involuntary manslaughter instruction and that the denial of same resulted in substantial prejudice.  Petitioner, however, presents no authority to establish that Judge Blanton's discussion of the relevant Eighth Circuit law was erroneous.  Under this authority, the failure to instruct on the lesser-included offense is not normally such a constitutional error or a "fundamental defect" as to allow habeas relief.  *Cooper v. Campbell*, 597 F.2d 628, 631 (8th Cir. 1979)(quoting *DeBerry v. Wolff*, 513 F.2d 1336, 1338-39 (8th Cir. 1975)(stating additionally that "[c]laimed errors in instructions to the jury are generally not of such constitutional magnitude and do not state a claim for habeas corpus relief");  *Turner v. Armontrout*, 922 F.2d 492, 494 (8th Cir. 1991)(quoting

*Pitts. v. Lockhart*, 911 F.2d 109, 112 (8th Cir. 1990)). See also *Tatum v. Dormire*, 183 F.3d 875, 878 (8th Cir. 1999)(denying habeas claim because failure to instruct jury on voluntary and involuntary manslaughter counts did not deprive petitioner of due process under the Fourteenth Amendment). Petitioner's objection is therefore overruled.

Based upon this Court's *de novo* review of those portions of the Report and Recommendation to which petitioner objects, the Court finds that the objections are without merit, and will adopt Judge Blanton's thorough analysis of petitioner's Amended Petition and his recommendations in their entirety.

Petitioner also objects to the recommendation that a certificate of appealability not issue. To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *Tokar v. Bowersox*, 1 F. Supp.2d 986, 1016 (E.D. Mo. 1998). In this case, petitioner has failed to make a substantial showing of the denial of a constitutional right. Although petitioner argues that

reasonable jurists could disagree as to whether counsel was ineffective for failing to call Ms. Cooley as a witness, petitioner has failed to satisfy the required showing for a certificate. This basis for relief was considered by the state court. As set forth herein, there has been no showing that the state court's finding of trial strategy was contrary to established federal law. This Court finds that there has been no showing that reasonable jurists would disagree as to whether the state court decision was contrary to clearly established federal law.

Petitioner attempts to create an issue for the certificate by seizing upon Judge Blanton's acknowledgment that the Eighth Circuit has not explicitly recognized the specific circumstances in which the trial court's refusal to include a lesser included offense in the jury instructions in a non-capital case would permit federal habeas review. Petitioner urges that this acknowledgment equates into an "undefined" standard for relief. The Court is unpersuaded by petitioner's interpretation. As the Report and Recommendation sets forth, failure to instruct on a lesser included offense is *normally* not such a constitutional error or fundamental defect so as to allow habeas relief. Based on the record before the Court, there was insufficient evidence at trial to support a voluntary manslaughter instruction. This finding fits squarely within the authority which provides that failure to instruct on a lesser-included offense does not rise to the level of a constitutional error. Petitioner's

request for a certificate of appealability will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's Amended Petition for Writ of Habeas Corpus, [Doc. No. 19], is denied.

**IT IS FURTHER ORDERED** that petitioner's request for a Certificate of Appealability is denied.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 21st day of February, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE